Dear Executive Director Mathies and Interim Secretary Lebas:
Your joint request for an Attorney General's Opinion has been assigned to me for research and reply. You both seek this office's opinion on issues concerning the use of Transportation Trust Fund ("TTF") dollars. According to your request, it is the desire of the Department of Transportation and Development ("DOTD") to transfer certain Office of Public Works ("OPW") responsibilities to the Office of Coastal Protection and Restoration ("OCPR").[1] The request goes on to state that inherent to these responsibilities are the costs associated with the implementation and administration of the programs that DOTD desires to transfer. In that regard, you ask for our opinion on the following questions:
1. Is the TTF limited to being utilized by DOTD?
2. In light of DOTD's understanding that the TTF may be utilized to fund certain programs listed in Louisiana's Constitution, including the positions and costs associated with administering such programs, if one office or agency is taking over the responsibilities and duties from another office or agency, are there any legal impediments which would prevent the transfer *Page 2 
of TTF funds from the former agency/office to the currently responsible agency/office?
Louisiana Constitution Article VII, § 27 (B) sets forth the permissible uses of the TTF funds and provides, in pertinent part, the following:
"The monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor, ports, airports, transit, state police for traffic control purposes, and the Parish Transportation Fund or its successor and for the payment of all principal, interest, premium, if any, and other obligations incident to the issuance, security, and payment in respect of bonds or other obligations payable from the trust fund as authorized in Paragraph (D) hereof. Unless pledged to the repayment of bonds authorized in Paragraphs (C) or (D) of this Section, the monies in the trust fund allocated to ports, airports, flood control, parish transportation, and state highway construction shall be appropriated annually by the legislature only pursuant to programs established by law which establish a system of priorities for the expenditure of such monies, except that the Transportation Infrastructure Model for Economic Development, which shall include only those projects enumerated in House Bill 17 of the 1989 First Extraordinary Session of the Legislature, shall be funded as provided by law. . ."
The plain language of Louisiana Constitution Article VII, § 27 (B) fails to reveal any restrictions on what agency or entity may utilize TTF funds. Louisiana Constitution Article VII, § 27 (B) only contains a restriction on the permissibleuses of TTF funds. Thus, with respect to your first question, based on the plain language of Louisiana Constitution Article VII, § 27 (B) it is our opinion that there are no restrictions on what agency or entity may utilize TTF funds. Again, Louisiana Constitution Article VII, § 27 (B) only places restrictions on the use of TTF funds. In accord is Attorney General Opinion No. 08-0063 where we recognized that in addition to establishing the TTF, Article VII, § 27 (B) delineates the monies that must be deposited in the fund and defines the sole andexclusive purposes for which TTF monies may be used. In our conclusion, we stated the following:
"[w]hile this Section mandates that certain funds be deposited in the TTF, it does not prohibit the legislature from appropriating *Page 3 
additional monies for deposit in the TTF, be they from the general fund or elsewhere."
Similarly, we do not believe Article VII, § 27 contains any prohibition or restrictions on what agency or entity may utilize TTF funds.
With respect to your second question, Attorney General Opinion No. 89-679 provides some guidance. There, we opined that TTF funds can only be appropriated or dedicated to cover, among other things, the costs for and associated with the construction and maintenance of the roads and bridges of the state and federal highway systems. We stated the following:
". . .the monies within the Transportation Trust Fund may be used for costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor . . . Costs for and associated with construction and maintenance would include the normal costs of highway construction and maintenance; in other words, payments to contractors who perform construction or maintenaance [sic] work, and payment for purchases of materials and for labor actually performed by DOTD for construction and maintenance work.
Also included would be salaries and related benefits of the employees of DOTD whose work is directly related to highway programs or other programs may be funded out of the Transportation Trust Fund, and the necessary administrative costs associated therewith." (Internal quotations omitted).
Thus, pursuant to the plain language of Louisiana Constitution Article VII, § 27 (B) and the prior opinions of this office, we believe that TTF funds may not only be utilized to fund the programs listed in Louisiana Constitution Article VII, § 27 (B), butalso the positions, costs, equipment, and infrastructure that support those programs, regardless of which agency is implementing such programs.
We believe such costs are part of the "costs for and associated with construction and maintenance of the roads and bridges" referenced by Louisiana Constitution Article VII, § 27 (B). Our review of applicable law fails to reveal any legal impediments that would prevent the transfer of TTF funds from a former administering agency/office to the currently responsible administering agency/office. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt
[1] Louisiana Constitution Article XIV, § 6 provides that the "legislature shall allocate, within not more than twenty departments, the functions, powers, duties, and responsibilities of all departments, offices, agencies, and other instrumentalities within the executive branch, except those allocated by this constitution." Thus, legislative approval is necessary to effectuate the proposed transfer of these duties and responsibilities. It is our understanding that you will seek the necessary legislative approval to accomplish this transfer.